UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Staffing Global Corp.,

                         *Plaintiff*,                Case No.:

          - *against* -                **Jury Trial Demanded**

B2C2 USA Inc., and B2C2 Limited,        **<u>COMPLAINT</u>**

                       *Defendants*.

---------------------------------------------------------------X

Plaintiff Staffing Global Corp. ("Plaintiff"), by and through its attorneys, Levin-Epstein & Associates, P.C., , brings this complaint against B2C2 USA Inc. and B2C2 Limited (together, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

1. This is an action to hold the Defendants liable for the failure to pay the Plaintiff earned sales commissions.

2. The Plaintiff introduced the Defendants to clients that used the Defendants' cryptocurrency trading platform.

3. As set forth more fully below, the Defendants had entered into a fully enforceable oral agreement with the Plaintiff for sales services before the Plaintiff and the Defendant B2C2 Limited formalized the business relationship through a written agreement.

4. Despite due demand, the Defendants never paid the Plaintiff for sales commissions earned under the oral agreement and written agreement.

### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this District of New York under 28 U.S.C. § 1391(b)(1) and (b)(2), because a substantial part of the events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

7. Plaintiff alleges that the damages sought exceed $75,000 exclusive of any attorneys' fees, costs, expenses, and interest.

## THE PARTIES

**PLAINTIFF STAFFING GLOBAL CORP.**

8. At all relevant times, Plaintiff is a domestic corporation, duly organized and existing under the laws of the State of New York, having a principal place of business in the County of Manhattan, State of New York.

**DEFENDANT B2C2 USA, INC.**

9. At all relevant times, Defendant B2C2 USA, Inc. is a domestic corporation organized and existing under the laws of the State of Delaware.

10. At all relevant times, Defendant B2C2 USA, Inc. maintained a principal place of business at 101 Hudson Street, Jersey, City, New Jersey 07302.

**DEFENDANT B2C2 LIMITED**

11. At all relevant times, B2C2 Limited is a foreign corporation incorporated and registered in England and Wales.

12. At all relevant times, Defendant B2C2 Limited maintained a principal place of business at 86-90 Paul Street, London, EC2A 4NE.

## FACTUAL ALLEGATIONS

13. The Defendants B2C2 Limited and B2C2 USA, Inc. operate a trading platform for cryptocurrencies.

14. The Defendants are an institutional crypto liquidity provider.

15. Plaintiff and Defendant B2C2 Limited entered into that certain Referral Agreement dated as of December 30, 2019 (the "Referral Agreement").

16. A copy of the Referral Agreement is attached hereto as "Exhibit A".[1]

17. Pursuant to the Referral Agreement at §1.1, the Defendant B2C2 Limited appointed the Plaintiff as an authorized referral agent on a non-exclusive basis for the purpose of introducing clients to potential users of the Defendant B2C2 Limited's Services (as defined below).

18. Pursuant to the Referral Agreement at §1.3, the term "Services" is defined as:

". . . the trading and market making services provided by the Client [B2C2 Limited] together with any other services from time to time offered by the Client [B2C2 Limited] and which the Client [B2C2 Limited], by express written notice of the Finder [Staffing Global Corp.], includes within the scope of this agreement."

19. Pursuant to the Referral Agreement at § 3.1, the Plaintiff is entitled to a Referral Fee (as defined below) in the event:

". . . a Prospect Introduced by the Finder enters into a contract for the supply of services with the Client during three months from the date on which the Finder first Introduces such Prospect (the "Relevant Contract")"

20. Pursuant to the Referral Agreement at § 3.2, the Defendant B2C2 Limited agreed to pay the Plaintiff two (2) basis points of the notional value of the volume traded and/or exchanged under the relevant contract during a period of three (3) months from its commencement date (the "Referral Fee").

21. Pursuant to the Referral Agreement, the Plaintiff introduced Prospects to the Defendant B2C2 Limited, including but not limited to, the following: (1) Tagomi, (2) Multicoin

---

[1] Terms not defined herein shall the meaning ascribed to them in the Referral Agreement.

3

Capital, (3) Coinbase, (4) XBTO, (5) Galaxy Digital Capital Management, (6) Pantera Capital, and (7) Hehmeyer.

22. The above-referenced Prospects contracted with the Defendant B2C2 Limited for Services.

23. The Plaintiff has not been paid under the Referral Agreement for the above-referenced Introductions.

24. The amount of the unpaid Referral Fees is greater than the amount of $75,000.

25. Despite due demand, the Plaintiff has not been paid by the Defendant B2C2 Limited.

### FIRST CLAIM
**(Breach of Referral Agreement as Against B2C2 Limited )**

26. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

27. Defendant B2C2 Limited has breached and defaulted under the Referral Agreement by failing to pay, *inter alia*, Plaintiff the Referral Fee.

28. Defendant B2C2 Limited breached the Referral Agreement by failing to make payments to Plaintiff pursuant to the terms set forth in the Referral Agreement.

29. Plaintiff has substantially performed all of its duties and obligations under the Referral Agreement and, as such, has and continues to suffer losses and damages as a direct result of Defendant B2C2 Limited's breach.

30. Plaintiff has suffered damages in an amount to be determined at trial but of no less than $75,000, plus costs and expenses including reasonable attorneys' fees and costs as a direct result of Defendant B2C2's Limited's actions, described herein.

### SECOND CLAIM
**(Breach of Oral Agreement to Pay Sales Commissions as Against Both Defendants)**

31.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

32.     Before the Plaintiff and Defendant B2C2 Limited entered into the Referral Agreement, in or around February 2019, Drew Hingorani ("Hingorani"), the Chief Executive Officer of the Plaintiff, entered into an oral agreement with Robert Catalanello ("Catalanello"), President and Chief Executive Officer of Defendant B2C2 USA, Inc. and Director of North America for the Defendant B2C2 Limited, for sales commissions.

33.     In a text message dated April 2, 2019, Catalanello communicated the following message to Hingorani:



34.     Catalanello agreed to pay Hingorani the 5% of Catalanello's 17.5% sales commissions earned from the Defendants for the conversion of sales leads into clients for the Defendants.

35.     The Plaintiff performed under the above-referenced agreement. The Plaintiff introduced the following leads to the Defendants, including but not limited to, (1) Tagomi, (2)

Coinbase, (3) Multicoin Capital, (4) Antonio Hallak, (5) Bitbuy.ca, (6) XBTO and (7) Hehmeyer.

36. The Defendants breached and defaulted under the above-referenced agreement by failing to pay Plaintiff, *inter alia*, the commission fees.

37. The Plaintiff has substantially performed all of its duties and obligations under the above-referenced agreement, and, as such, has and continues to suffer losses and damages as a direct result of Defendants' breach.

38. The Plaintiff has suffered damages in an amount to be determined at trial but of no less than $75,000, plus costs and expenses including reasonable attorneys' fees and costs as a direct result of Defendants' actions, described herein.

## THIRD CLAIM
### (Unjust Enrichment as Against Both Defendants)

39. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40. In the alternative to the causes of action set forth above, the Plaintiff is entitled to equitable relief under the theory of unjust enrichment.

41. As set forth more fully above, the Defendants have been enriched at the Plaintiff's expense.

42. As set forth more fully above, it is against equity and good conscience to permit the other party to retain the sales commissions due and owing to the Plaintiff.

43. The Plaintiff has suffered damages in an amount to be determined at trial but of no less than $75,000, plus costs and expenses including reasonable attorneys' fees and costs as a direct result of Defendants actions, described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. On the First Cause of Action, awarding damages to Plaintiff in an amount to be

  determined, plus interest as allowed by law;

b. on the Second Cause of Action, awarding damages to Plaintiff in amount to be determined, plus interest as allowed by law;

c. on the Third Cause of Action, awarding damages to Plaintiff in the amount to be determined at trial, plus interest as allowed by law;

d. awarding Plaintiff pre- and post-judgment interest;

e. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

f. such other relief as this Court deems just and proper.

Dated: New York, New York
   April 13, 2023        Respectfully submitted,

                By: /s/ Joshua Levin-Epstein
                  Joshua Levin-Epstein
                  Jason Mizrahi
                  Levin-Epstein & Associates, P.C.
                  60 East 42nd Street, Suite 4700
                  New York, New York 10165
                  Tel: (212) 792-0046
                  Email: Joshua@levinepstein.com
                  *Attorneys for the Plaintiff*