

B2C2, U.S.A
101 Hudson Street
Jersey City, NJ
07302

B2C2.com

November 8, 2023

**VIA ECF and EMAIL**

Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   *Staffing Global Corp. v. B2C2 USA Inc., et al., No* 23-cv-03101 (AT) (SDNY)

Dear Judge Torres,

Pursuant to Your Honor's Individual Motion Practice Rule III (A) and Order dated October 11, 2023 (ECF No. 26) Defendants B2C2 USA Inc. and B2C2 Limited ("Defendants") respectfully set forth the basis for an anticipated motion to dismiss the Plaintiff's First Amended Complaint ("First Amended Complaint") on the captioned matter under FRCP Rule 12(b)(6) for failure to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants respectfully request that the Court grant leave to file a motion to dismiss for the reasons set forth below.

**I.        Relevant Procedural Background**

Consistent with Your Honor's Individual Motion Practice Rule III (B), on June 28, 2023, the Defendants sent Plaintiff a letter via email ("First Pre-Motion Letter") setting forth specific pleading deficiencies in the Plaintiff's initial Complaint ("Complaint") (ECF No. 1). The First Pre-Motion letter set forth the Complaint pleading deficiencies that the Defendants contend warrant a dismissal, and provided the relevant controlling authorities.

Plaintiff did not respond to the First Pre-Motion letter.  On July 20, 2023, Defendants sent Plaintiff a second letter – via email and USPS certified mail – referencing the First Pre-Motion Letter and addressing the fact that Defendants have yet to receive a response from the Plaintiff ("Second Pre-Motion Letter").

On July 20, 2023, Plaintiff responded to the Second Pre-Motion Letter by email to Defendants, where Plaintiff communicated that the Plaintiff intended to amend the complaint.

On July 26, 2023, Plaintiff filed a letter motion for extension of time and requested a one (1) month extension of time to file a proposed case management plan through and including August 28, 2023 (ECF No. 17). The stated basis of this request was that Plaintiff intended to amend the Complaint. On July 27, 2023, Your Honor signed an order granting this extension of time (ECF No. 18).

On August 28, 2023, Plaintiff filed a subsequent letter motion for an extension of time and requested a two-week extension through and including September 11, 2023 (ECF No. 19). The stated basis of this request was that the Plaintiff intended to amend the Complaint. On August 29,

2023. Your Honor signed an order granting this extension, which allowed the Plaintiff to file an amended Complaint by September 11, 2023.

On September 26, 2023, as Plaintiff had not filed an amended complaint, Defendants submitted to the Court a letter motion seeking leave to file a Motion to dismiss the Complaint (ECF No. 22), and on that same date, Plaintiff requested in a joint response that the Court grant leave to file an amended complaint.

On September 27, 2023, the Court granted the Plaintiff's request and ordered that Plaintiff file an amended complaint by October 3, 2023 (ECF No. 24). Plaintiffs filed the First Amended Complaint on October 3, 2023 (ECF No. 25).

## II.   Background and Defendants' anticipated motion to dismiss FRCP Rule 12(b)(6): First Amended Complaint Allegations and Pleading Deficiencies

On April 13, 2023, Plaintiff filed suit and a Complaint against Defendants alleging nonpayment of "sales commissions" for the referral of seven named clients of B2C2 ("Complaint") (ECF No. 1), and the Plaintiff's First Amended Complaint was subsequently filed on October 3, 2023 (ECF No. 25). The Complaint attached the relevant signed fee agreement ("Agreement") and the Complaint and First Amended Complaint includes an April 2019 text message from then B2C2 CEO Robert Catalanello ("Catalanello") to Staffing Global CEO Drew Hingorami ("Hingorami") agreeing to pay a "2bp fee" on any clients Hingorani "bring[s] on." (First Amended Complaint ¶ 63.)

The First Amended Complaint brings three causes of action each alleging damages over $75,000—(1) breach of contract against B2C2 Limited based on the Agreement; (2) breach of an alleged preexisting oral agreement against both Defendants; and  (3) alternatively alleging unjust enrichment against both Defendants.

Defendants take the position that allegations in the First Amended Complaint are unsubstantiated legal conclusions and lack relevant information, and as such, the First Amended Complaint should be dismissed.

First, Plaintiff's claim for breach of contract fails to allege sufficient facts to state a plausible claim for relief. Plaintiff alleges that Plaintiff introduced a large number of prospective clients who, as a result of Plaintiff introduction, contracted with B2C2 Limited. While the Complaint does allege that the named "Prospects contracted with" B2C2,  the Complaint does not allege or provide any information on the alleged agreements, nor does the documentation provide any connection to Hingorami's efforts to refer any such client(s).  As a general matter, although Plaintiff alleges that introductions were made to Defendants, Plaintiff fails to allege whether such prospective clients contracted with Defendants, and within the specified period in the Agreement –  the Agreement requires, inter alia, that the Plaintiff would be entitled to a referral fee "if a prospect introduced by the Finder enters into a contract for the supply of Services with the Client during the three months from the date on which the Finder first introduces such Prospect"(Agreement § 3.1.), and also that "the client accepts the referral from the Finder."(Agreement § 3.4.1.). Plaintiff fails to allege any such necessary facts. Further, other basic information is similarly not alleged in the First Amended Complaint, including exchange amount, date of agreement, or length between introduction and any agreement between a referral and Defendants.  It is not enough to state mere legal conclusions. As such, the First Amended Complaint should be dismissed under FRCP Rule 12(b)(6) for failure to  "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Second, Plaintiff's claim for breach of an alleged prior oral agreement is barred by: (i) the parties' written Agreement, which explicitly supersedes prior oral agreements; and (ii) New York law prohibiting oral agreements concerning finder's fees, as the Southern District of New York and Second Circuit Court of Appeals have previously held. N.Y. Gen. Oblig. Law § 5-701(a)(10); *see*

2

*also Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 789 (2d Cir. 1986) ("There is no doubt that § 5-701(a)(10) bars oral finder's-fee contracts."). The First Amended Complaint Complaint alleges nonpayment of a 5% "sales commission" between Staffing Global and both B2C2 Limited and B2C2 USA, due under an "Oral Agreement" predating the Referral Agreement. This 5% sales commission is separate and distinct from the 2bps "Referral Fee" defined in the Referral Agreement.

Defendant would generally note the following deficiencies: *First*, the parties' written Agreement explicitly supersedes any prior oral agreement. (Agreement § 11.6.). *Second*, B2C2's position is that the alleged 5% "sales commission" is an impermissible "finder's fee" that cannot be based on an oral agreement under New York law. New York prohibits oral agreements to "pay compensation for services rendered" in connection with the "negotiation" of a "business opportunity." N.Y. Gen. Oblig. Law § 5-701(a)(10); *see also Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 789 (2d Cir. 1986) ("There is no doubt that § 5-701(a)(10) bars oral finder's-fee contracts."). Thus, with no documentation for the Defendant's claimed 5% commission, the claim against B2C2 USA would be barred by § 5-701(a)(10).

Accordingly, the Plaintiff's claim for Breach of Oral agreement must be dismissed.

Finally, Plaintiff's unjust enrichment claim is similarly barred by: (i) the existence of a valid contract governing the subject matter of the dispute; and (ii) New York law prohibiting oral agreements concerning finder's fees, as described above. *First*, with regard to unjust enrichment based on the alleged oral agreement, the motion will be predicated on the above § 5-701(a)(10) argument as the oral claim. This is because the Southern District has previously held that the New York prohibition on oral finder's fees extends to unjust enrichment claims related to oral agreements, *Duckett v. Engelhard*, No. 15-cv-8645 (RJS) (S.D.N.Y. Feb. 6, 2017). *Second*, with regard to breach of contract, the Southern District has also held that unjust enrichment claims are barred in New York "if there is a valid contract governing the subject matter of the dispute." *Vista Food Exchange, Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 312 (S.D.N.Y. 2015). Given that there is a signed Agreement (which both sides maintain is a valid contract), the unjust enrichment claim is barred by the existence of the Agreement.

It is respectfully requested that the Court grant the Defendants leave to file a Motion to Dismiss the First Amended Complaint in the above referenced matter. In the event that Your Honor determines that a pre-motion conference is warranted prior to the Defendants making their motion to dismiss, the Defendants are available at your convenience.

Yours Sincerely,

Dean C. Sovolos
General Counsel
B2C2 U.S.A., Inc.
Counsel for Defendants

Cc: Counsel for Plaintiff (via ECF and email)