UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STAFFING GLOBAL CORP.,

Plaintiff,

-v-

B2C2 USA Inc. and B2C2 Ltd.,

Defendants.

**REPORT AND RECOMMENDATION**

23-CV-03101 (AT) (RFT)

**ROBYN F. TARNOFSKY, United States Magistrate Judge.**

TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:

On October 3, 2023, Plaintiff filed its first amended complaint (the "FAC") against Defendants B2C2 USA Inc. ("B2C2 USA") and B2C2 Ltd. ("B2C2") (together, "Defendants"), alleging claims for breach of an oral agreement, breach of contract, and unjust enrichment, all under New York law. (*See generally* ECF 25, FAC.)

Pending before the Court is Defendants' fully briefed motion to dismiss the FAC pursuant to Rule 12(b)(6). (*See* ECF 38, Defs.' Mot. To Dismiss; ECF 40, Pl.'s Opp.; ECF 42, Defs.' Reply.) For the reasons set forth below, I respectfully recommend that Defendants' motion be GRANTED.

**FACTUAL BACKGROUND**

For purposes of the pending motion to dismiss, the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in its favor. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 50 (2d Cir. 2017). Plaintiff alleges as follows:

Defendants operate a cryptocurrency trading platform. (*See* ECF 25, FAC ¶ 14.) In February 2019, Plaintiff entered into an oral agreement for sales commissions (the "Oral Agreement") with Robert Catalanello ("Catalanello"), President and Chief Executive Officer of Defendant B2C2 USA and Director of North America for Defendant B2C2. (*See id.* ¶ 62.) Plaintiff alleges that the Oral Agreement required Defendants to pay Plaintiff five percent of Catalanello's 17.5% sales commissions when Defendants converted sales prospects introduced by Plaintiff into clients (*see id.* ¶ 64), and that Catalanello memorialized the Oral Agreement in a text message to Plaintiff's Chief Executive Officer dated April 2, 2019. (*See id.* ¶ 63.) The text message, however, stated that Catalanello would pay Plaintiff "2bp fee on any clients you bring on." (*Id.*) The Oral Agreement did not condition payment on Defendants' converting sales prospects into clients within any particular time frame. (*See id.* ¶¶ 61-68.)

Plaintiff introduced Defendants to at least seven sales prospects. (*See id.* ¶ 65.) Plaintiff alleges that it "substantially performed all of its duties and obligations under [the Oral Agreement], and, as such, has and continues to suffer losses and damages as a direct result of Defendants' breach." (*Id.* ¶ 67.) Plaintiff does not, however, allege that Defendants converted any of these sales prospects into clients.

Plaintiff and Defendant B2C2 entered into a written Referral Agreement dated as of December 30, 2019 (the "Referral Agreement"). (*See id.* ¶ 16.) Section 3.1 of the Referral Agreement, quoted in the FAC, provides that Plaintiff is entitled to compensation when a sales prospect that it introduced to B2C2 "enters into a contract for the supply of services with [B2C2] during three months from the date on which the Finder first Introduces such Prospect."

(*Id.* ¶ 19.) The FAC includes one example of a sales prospect that Plaintiff argues in its opposition papers was converted by Defendant B2C2 into a client within three months of the introduction. (*See* ECF 40, Pl.'s Opp. at 6-8.)

Plaintiff made numerous other introductions of sales prospects to B2C2 under the Referral Agreement. (*See id.* ¶¶ 22, 28-32, 37, 47, 49-50, 52.) Plaintiff alleges on information and belief that certain of those sales prospects became Defendants' clients (*see id.* ¶ 53) but does not specify a time frame. Defendants have not paid Plaintiff under the terms of the Referral Agreement for making those introductions. (*See id.* ¶ 54.)

**PROCEDURAL HISTORY**

On April 13, 2023, Plaintiff brought a complaint against B2C2 and B2C2 USA alleging breach of the Oral Agreement, breach of contract, and unjust enrichment. (*See generally* ECF 1, Compl.) On September 26, 2023, Defendants sought leave to file a motion to dismiss. (*See* ECF 22.) On October 3, 2023, Plaintiff filed the FAC. (*See* ECF 25, FAC.) On November 8, 2023, Defendants sought leave to file a motion to dismiss the FAC (*see* ECF 34), which application Your Honor granted. (*See* ECF 37, Order.) Defendants filed their motion to dismiss the FAC on January 18, 2024. (*See* ECF 38, Defs.' Mot. To Dismiss.) Plaintiff filed its opposition to the motion to dismiss on February 8, 2024. (*See* ECF 40, Pl.'s Opp.) Defendants filed their reply brief on February 22, 2024. (*See* ECF 42, Defs.' Reply.)

On January 19, 2024, this case was referred to a magistrate judge for general pretrial purposes, including discovery, non-dispositive pretrial motions, and settlement, as well as for dispositive motions (*see* ECF 39, Order of Reference), and the reference was assigned to me on

January 22, 2024. Discovery is scheduled to be complete by May 23, 2024. (*See* ECF 49, Order.) A case management conference is scheduled before Your Honor for June 11, 2024. (*See* ECF 50, Order.)

**LEGAL STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS**

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678*.*

In deciding a motion to dismiss, the Court "must accept as true all of the [factual] allegations contained in a complaint[.]" *Id.* (citation omitted). In addition, all reasonable inferences made in the plaintiff's favor. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

Although Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Rule 8(a) requires a plaintiff to state "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at

555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Moreover, the Court may consider documents attached to the complaint as exhibits or incorporated by reference. *See San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808-810 (2d Cir. 1996) (holding that documents integral to the complaint may be considered on a motion to dismiss even when only partially quoted in complaint); *National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Labs*, 850 F.2d 904, 910 n.3 (2d Cir. 1988); *Sazerac Co., Inc., v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994); *Cue Fashions, Inc., v. LJS Distrib., Inc.*, 807 F. Supp. 334, 335 (S.D.N.Y. 1992).

## DISCUSSION

### I. Plaintiff's Claim for Breach of the Oral Agreement Should Be Dismissed

#### A. Legal Framework

Plaintiff alleges that Defendants breached the Oral Agreement by failing to pay for sales prospects introduced by Plaintiff and converted into clients by Defendants. (*See* ECF 25, FAC ¶ 67.) New York's statute of frauds provides: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent . . . ." N.Y. Gen. Oblig. Law § 5-701(a). In particular, New York law prohibits oral agreements, such as the Oral Agreement, to "pay compensation for services rendered" in connection with the "negotiation" of a "business opportunity." *Id.* § 5-701(a)(10); *see also Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 789 n.2 (2d

Cir. 1986) ("There is no doubt that § 5-701(a)(10) bars oral finder's-fee contracts."). However, "[o]ral agreements that violate the Statute of Frauds are nonetheless enforceable where the party to be charged admits having entered into the contract." *Bono v. Cucinella*, 298 A.D.2d 483, 484 (2d Dep't 2002) (citations omitted).

B. Analysis

Plaintiff's argument that the Oral Agreement is enforceable under the exception for oral contracts acknowledged in writing by the party charged with breaching the contract (*see* ECF 40, Pl.'s Opp. at 9-10) fails because the terms of the alleged Oral Agreement are inconsistent with the writing Plaintiff identifies as acknowledging the Oral Agreement. Plaintiff contends that the text message from Catalanello dated April 2, 2019 stating that he would pay would pay Plaintiff "2bp fee on any clients you bring on" (FAC ¶ 63) "functions as a written admission." (*See* ECF 40, Pl.'s Opp. at 9 (citing *Stone Cap. Advisors, LLC v. Fortrend Int'l, LLC*, 15 A.D.3d 300, 301 (1st Dep't 2005)).)

However, the FAC does not allege that the Oral Agreement provided that Defendants would pay Plaintiff a two basis-point fee. Instead, it alleges that Defendants were required to pay Plaintiff five percent of Catalanello's 17.5% sales commissions when Defendants converted sales prospects introduced by Plaintiff into clients. (*See* ECF 25, FAC ¶ 64.) A text message that is inconsistent with the claimed terms of the Oral Agreement cannot be viewed as a written acknowledgement of those claimed terms. Accordingly, the Oral Agreement is not enforceable under the exception to the statute of frauds for oral contracts acknowledged in writing by the

party charged with breaching the contract. I therefore respectfully recommend dismissing Plaintiff's claim for breach of the Oral Agreement.

## II. Plaintiff's Claim for Breach of Contract Should Be Dismissed

### A. Legal Framework

Plaintiff alleges that Defendant B2C2 breached the Referral Agreement by failing to pay Plaintiff for referrals of sales prospects meeting the terms of that contract. (*See* ECF 25, FAC ¶ 54.) Defendants argue that Plaintiff fails adequately to plead that they converted any sales prospect introduced by Plaintiff into a client within the required three-month period after the introduction. (*See* ECF 38, Defs.' Mot To Dismiss at 2.)

Under New York law, the elements of a claim for breach of contract are the formation of an agreement, performance by one party, breach of the agreement by the other party, and resulting damages. *See First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir.1998). "Conclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim." *Universal Surv. Ctr., Inc. v. Precision Opinion, Inc.*, No. 16-CV-8259 (AKH), 2017 WL 11615247, at *2 (S.D.N.Y. Feb. 8, 2017) (collecting cases).

### B. Analysis

Plaintiff's argument that the FAC sufficiently alleges performance in conformity with the terms of the Referral Agreement because the FAC identifies one sales prospect, Osprey Funds, that meets the requirements of Section 3.1 of the Referral Agreement (*see* ECF 40, Pl.'s Opp. at 6) fails because the FAC does not allege that Osprey Funds became a client of B2C2 within three months of an introduction by Plaintiff. Instead, the FAC alleges that Plaintiff introduced Osprey

Funds to B2C2, without specifying when; that Defendants sent an email to Osprey Funds on June 9, 2020 about being onboarded to Defendants' cryptocurrency trading platform; and that Osprey Funds was Defendants' client at "all relevant times," without explaining what the term means. (*See* ECF 25, FAC ¶¶ 32, 34-35.) These allegations are insufficient to adequately plead that Plaintiff performed under the terms of the Referral Agreement.

Plaintiff contends that its citation in paragraph 19 of the FAC to Section 3.1 of the Referral Agreement combined with its statement in paragraph 32 of the FAC that Osprey Funds had been engaged by Defendants at "all relevant times" sufficiently allege that Osprey Funds was converted to a client within three months of being introduced to Defendants. (*See* ECF 40, Pl.'s Opp. at 6.) But without a definition of "all relevant times," these allegations do not support an inference that Osprey Funds became Defendants' client within three months of its introduction to Defendants – particularly since the citation to Section 3.1 comes over a dozen paragraphs before the reference to "all relevant times."

Plaintiff also argues that the allegations in the FAC that "Plaintiff has substantially performed all of its duties and obligations under the Referral Agreement" (*see* ECF 25, FAC ¶¶ 19, 32, 34, 59) make clear that Osprey Funds was converted into a client by Defendants within the requisite timeframe. (*See* ECF 40, Pl.'s Opp. at 7-8.) But this conclusory assertion that Plaintiff performed its obligations under the Referral Agreement, without supporting factual allegations, cannot support a breach of contract claim. *Universal Surv. Ctr.*, 2017 WL 11615247, at *2.

It seems clear that Plaintiff is now saying that Defendants converted Osprey Funds into a client within the three-month period specified in the Referral Agreement. (*See* ECF 40, Pl.'s Opp. at 6.) But it is equally clear that the Court may not allow a counseled Plaintiff to "amend [a] pleading through statements in briefs." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citation omitted).

I do not believe that FAC as written contains "sufficient factual matter" about the claim for breach of the Referral Agreement to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because I conclude that the FAC lacks the "factual content" about this claim "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, I respectfully recommend that Your Honor dismiss this claim.

## III. Unjust Enrichment

### A. Legal Framework

Plaintiff pleads in the alternative that it is entitled to recover from Defendants under an unjust enrichment theory. "Courts will routinely dismiss an unjust enrichment claim that simply duplicates, or replaces, a conventional contract or tort claim." *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). "While the existence of a contract generally bars recovery based on the quasi-contract theory of unjust enrichment, a claim for unjust enrichment may survive a motion to dismiss where the plaintiff

challenges the contract's validity." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 458-59 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

B. Analysis

To the extent that Plaintiff seeks to recover for Defendants' alleged unjust enrichment before the parties entered into the Referral Agreement, this claim should fail, because "[i]t is well settled that under New York law a plaintiff may not escape the Statute of Frauds by attaching the label . . . 'unjust enrichment' . . . to the underlying contract claim." *Morgenweck v. Vision Cap. Advisors, LLC*, 410 Fed. Appx. 400, 402 n.1 (2d Cir. 2011) (citing *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 434 (2d Cir. 1995)); *see also Snyder v. Bronfman*, 13 N.Y.3d 504, 506 (2009) (holding that "unjust enrichment claims brought to recover the value of plaintiff's services in helping to achieve a [business opportunity] are barred by the statute of frauds contained in General Obligations Law § 5-701(a)(10)"). There is no factual distinction between Plaintiff's claim for breach of the Oral Agreement and Plaintiff's unjust enrichment claim for clients referred to Defendants before the execution of the Referral Agreement. Plaintiff alleges that "it is against equity and good conscience to permit the other party to retain the sales commissions due and owing to the Plaintiff" (*see* ECF 25, FAC ¶ 72), but the only basis for sales commissions being due and owing to the Plaintiff during this period is the Oral Agreement. The unjust enrichment claim covering the period before the Referral Agreement was executed is merely a breach of contract claim with a different label, and so it is barred by the statute of frauds. *See Duckett v. Hadley Engelhard, Esq.*, No. 15-CV-8645 (RJS), 2017 WL 512455, at *4 (S.D.N.Y. Feb. 6, 2017).

To the extent that Plaintiff seeks to recover for unjust enrichment to Defendants based on sales prospects that became Defendants' clients after the entry of the Referral Agreement, the claim fails because it "simply duplicates, or replaces, a conventional contract . . . claim." *Bautista*, 223 F. Supp. 3d at 194. Plaintiff does not challenge the validity of the Referral Agreement. Nor do Defendants; instead they argue that Plaintiff fails adequately to plead that it performed under the terms of that agreement. (*See* ECF 38, Defs.' Mot. To Dismiss at 2-3.) Therefore, the unjust enrichment claim predicated on sales prospects that became Defendants' clients after the execution of the Referral Agreement should not be permitted to survive the motion to dismiss, because no party is challenging the validity of that contract. *See Agerbrink*, 155 F. Supp. 3d at 458-59.

Based on the foregoing analysis, I respectfully recommend that Your Honor dismiss the unjust enrichment claim.

**IV.** Leave To Replead

As a general matter, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied where it would be "futile," and where the "plaintiff cannot cure the deficiencies in his pleadings to allege facts sufficient to support his claim." *Onibokun v. Chandler*, 749 F. App'x 65, 67 (2d Cir. 2019); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (where the "problem with [a

complaint] is substantive [and] better pleading will not cure it," leave to amend should be denied as futile).

Plaintiff could not avoid dismissal by reformulating the unjust enrichment claims, because the problems with those claims are substantive. However, it seems likely based on arguments in Plaintiff's Opposition to the Motion To Dismiss (ECF 40) that Plaintiff could adequately plead breach of the Referral Agreement based on the introduction to Defendants of Osprey Funds. And it is conceivable that Plaintiff could adequately plead breach of the Oral Agreement if given another opportunity.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be GRANTED, without prejudice to Plaintiff's filing of a second amended complaint for breaches of the Oral Agreement and the Referral Agreement.

Dated: New York, New York
March 19, 2024

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. §

636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).